IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| NANCY SANCHEZ,<br>    Plaintiff,<br><br>v.<br><br>GREAT LAKES INSURANCE SE,<br>    Defendant. | §<br>§<br>§<br>§   CIVIL ACTION NO. 2:24-CV-00097<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant, Great Lakes Insurance SE ("Great Lakes"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.  BACKGROUND

1. On September 11, 2024, Plaintiff Nancy Sanchez ("Plaintiff") filed this action in the 365th Judicial District Court of Maverick County, Texas, bearing Cause No. 24-09-43795-MCVAJA (the "State Court Action"), against Great Lakes Insurance SE ("Great Lakes"). Plaintiff's Original Petition (the "Complaint") is the live pleading in this case. Plaintiff has timely demanded a jury. (A copy of the Complaint is attached in accordance with 28 U.S.C. § 1446(a) as Exhibit A-2).

2. Great Lakes was served on September 24, 2024.[1] Therefore, this notice of removal is timely filed by Great Lakes, it being filed no more than thirty days after service of Great Lakes, in accordance with 28 U.S.C. §§ 1441 and 1446.

### II.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

3. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Great

---

[1] See Exhibit A-9.

Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    There is complete diversity between Plaintiff and Defendant.**

4.    Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.    Plaintiff Nancy Sanchez is an individual domiciled in Maverick County, Texas, and therefore, is a citizen of Texas for purposes of diversity jurisdiction.

6.    Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas and is incorporated and has its principal place of business in Germany. Therefore, Great Lakes is a citizen of Germany for purposes of diversity jurisdiction.

7.    Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

**B.    The amount in controversy exceeds $75,000.**

8.    The amount in controversy exceeds $75,000. To determine the amount in controversy, the Court should "first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount."[2] "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[3]

9.    In this case, on the face of the Complaint, Plaintiff states she is "seeking only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs…".[4] Plaintiff's pleading does not further clarify the amount of damages Plaintiff seeks to recover. As such, the only way to ascertain Plaintiff's

---

[2] *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638–39 (5th Cir. 2003) (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount)).
[3] *Id.*
[4] *See* Exhibit A-2.

damages is to look towards Plaintiff's pre-suit demand and the categories of damages Plaintiff seeks in its Complaint, which establish by a preponderance of the evidence that the amount in controversy requirement is met in this case.[5] Courts routinely consider pre-suit demand letters in determining whether the amount in controversy requirement is satisfied.[6]

10. Here, while Plaintiff's Complaint fails to state the amount of monetary relief he seeks,[7] Plaintiff's pre-suit demand seeks $104,516.81 for actual damages and $2,500.00 in attorneys' fees. Plaintiff's Complaint mirrors the categories of damages Plaintiff sought in his demand, which further seeks exemplary damages.[8] The amount Plaintiff seeks to recover exceeds the threshold for diversity jurisdiction.

11. Courts regularly consider pre-suit demand letters when determining whether the amount in controversy requirement is satisfied.[9] In addition, when calculating the amount in

---

[5] *See List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *1 (S.D. Tex. Feb. 7, 2019) ("[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant does so, remand is proper "only if the plaintiff has shown it is legally certain that [her] recovery will not exceed the amount stated in the state complaint." *Id.* This is "not a burden-shifting exercise," and a plaintiff must make all information known in her state-court petition. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009)).

[6] *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253, 1254-55 (5th Cir. 1998); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)); *see Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *1 (S.D. Tex. May 27, 2013) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245, at *2 (S.D. Tex. June 10, 2009); *Molina v. Wal–Mart Stores Tex., LP*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).

[7] *See generally*, Exhibit A–2.

[8] *See generally*, Exhibit A-2 in comparison with Exhibit C.

[9] *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253, 1254-55 (5th Cir. 1998); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)); *see Williams v. Companion Prop. & Cas. Ins. Co.*, 2013 WL 2338227, at *1 (S.D. Tex. May 27, 2013) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998); *Escobedo v. Marmaxx Operating Corp.*, 2009 WL 1636245,

controversy, courts also regularly consider additional damages as well as treble damages.[10]

12. Thus, as set forth above, Plaintiff's pre-suit demand and the categories of damages Plaintiff is seeking based on the face of her Complaint establish that Plaintiff is seeking damages in excess of $75,000, excluding interest and costs. Therefore, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III. VENUE

13. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Judicial District Courts of Maverick County, Texas, the forum in which the removed action was pending.

### IV. ADDITIONAL REQUIREMENTS

14. Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record and has also provided notice to the 365th Judicial District Court of Maverick County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the State Court Action.

15. Copies of pleadings, process, orders, and other filings in the State Court Action are attached to this notice as **Exhibit A** as required by 28 U.S.C. § 1446(a).[11]

16. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

> **Exhibit A:** Index of all documents that clearly identifies each

---

at *2 (S.D. Tex. June 10, 2009); *Molina v. Wal–Mart Stores Tex., LP*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008)).

[10] *See, e.g.*, *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 912 (5th Cir. 2002); *Premium Plastics v. Seattle Specialty Ins. Servs., Inc.*, No. H-10-3960, 2011 WL 11199, at *3 (S.D. Tex. Jan. 3, 2011).

[11] *See* Exhibit A: Index of All Documents Filed in State Court Action.

|  |  |
|---|---|
|  | document and indicates the date the document was filed in state court; |
| **Exhibit A-1:** | Case information including docket summary; |
| **Exhibit A-2-A-10:** | All documents filed in the State Court Action; |
| **Exhibit B:** | Listing of all Parties and Counsel of Record; and |
| **Exhibit C:** | Plaintiff's Pre-Suit Demand. |

WHEREFORE, Defendant Great Lakes Insurance SE hereby removes this matter to the United States District Court for the Western District of Texas, Del Rio Division for further proceedings and disposition.

Respectfully submitted,

By: */s/ Valerie Henderson*
    **Valerie Henderson**
    Texas Bar No. 24078655
    Federal ID No. 1392550
    **Amy Parette**
    Texas Bar No. 24121044
    Federal ID No. 3708963
    **BAKER, DONELSON, BEARMAN,**
    **CALDWELL & BERKOWITZ. P.C.**
    1301 McKinney Street, Suite 3700
    Houston, Texas 77010
    (713) 650-9700 - Telephone
    (713) 650-9701 – Facsimile
    vhenderson@bakerdonelson.com
    aparette@bakerdonelson.com

*Attorneys for Defendant Great Lakes Insurance SE*

## CERTIFICATE AND NOTICE OF FILING

I certify that on October 11, 2024, the Notice of Removal was sent to the 365th Judicial District Court of Maverick County, Texas and that written notice of filing of the Notice of Removal was served via electronic service upon the attorney of record for Plaintiff.

    */s/ Valerie Henderson*
    Valerie Henderson

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 11, 2024, a true and correct copy of the foregoing was served on the following counsel via e-service pursuant to the Texas Rules of Civil Procedure:

Marc K. Whyte
WHYTE PLLC
2101 NW Military HWY
San Antonio, Texas 78213
mwhyte@whytepllc.com

Naomi Lara
Perry Dominguez Law Firm
2101 NW Military HWY
Castle Hills, Texas 78213
naomi@pdattorney.com

                */s/ Valerie Henderson*
                Valerie Henderson